UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
(at Covington)

| | |
|---|---|
| ASHLEY FERREIRAS, | ) |
| | ) |
| Plaintiff, | )   Civil Action No. 2: 24-074-DCR |
| | ) |
| V. | ) |
| | )   **MEMORANDUM OPINION** |
| CITY OF COVINGTON, et al., | )   **AND ORDER** |
| | ) |
| Defendants. | ) |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff Ashley Ferreiras was arrested and subsequently convicted at trial for third-degree assault, third degree criminal mischief, resisting arrest, and obstructing an emergency responder. Thereafter, she sued Defendants City of Covington and Douglas Ullrich and Anthony Fritsch for actions taken during the plaintiff's arrest. The defendants have moved for partial judgment on the pleadings regarding Counts II, IV, and V of Ferreiras's Complaint which allege false arrest, deprivation of due process, and conspiracy to violate the plaintiff's civil rights. [Record No. 18] The motion will be granted for the reasons that follow.

### I.  Background

The following facts are taken in the light most favorable to the plaintiff. On the evening of May 4, 2023, the plaintiff was at her house on the 1500 block of Nancy Street in Covington, Kentucky, on physician ordered bedrest following a recent surgery related to a broken ankle. [Record No. 1, ¶ 15-16] Ferreiras required crutches during her recovery. [*Id.* at ¶ 16] Around 11:20 p.m., she noticed multiple police cars surrounding her boyfriend's SUV. [*Id.* at ¶ 17] Ferreiras called out to ask what was happening, but officers did not respond. [*Id.*

at ¶ 18] She them moved to the porch of her residence with the help of her brother, and again asked the officers what was going on. Again, they did not respond. [*Id.* at ¶ 20] Ferreiras then approached the sidewalk where the officers had stopped her boyfriend's SUV. [*Id.* at ¶ 21-22]

As she approached, Defendant Ullrich advised the plaintiff that if she stepped onto the sidewalk, she was "going to jail[.]" [*Id.* at ¶ 24] Ferreiras responded, asking the officer not to touch or disrespect her. [*Id.* at ¶ 26] She then proceeded to the sidewalk, resulting in Ullrich grabbing her crutches and causing her to fall to the ground. [*Id.* at ¶ 29] While arresting Ferreiras, Defendant Ullrich allegedly punched her head and repeatedly grabbed her breasts. [*Id.* at ¶ 30, 35]

The plaintiff was unable to move or comply with officers' orders during her arrest due to her injured ankle. [*Id.* at ¶ 29, 31, 34] Defendants Ullrich and Fritsch then handcuffed the plaintiff and placed her face down in the backseat of a police vehicle. [*Id.* at ¶ 33-34] Ferreiras was then taken to St. Elizabeth Edgewood Emergency room where she was treated for acute ankle pain, right wrist pain, and a closed head injury. The plaintiff contends that these injuries were sustained during her arrest. [*Id.* at ¶ 36-43]

Ferreiras was later indicted for -- and convicted of -- third-degree assault, third-degree criminal mischief, resisting arrest, and obstructing an emergency responder.

## II. Legal Standard

A motion for judgment on the pleadings under Rule 12(c) is evaluated using the same standard that applies to motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Oakland Tactical Supply, LLC v. Howell Township*, 103 F.4th 1186, 1191 (6th Cir. 2024) (citing *Warrior Sports, Inc. v. NCAA*, 623 F.3d 281, 284 (6th Cir. 2010)). Thus, the

Court must determine whether the subject counts of the complaint alleges "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plausibility standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). Further, when reviewing a motion under Rule 12(c), courts "generally may only review the pleadings, any attachments to those pleadings, and documents that are 'referred to in the complaint and [are] central to the plaintiff's claim' or are 'matters of public record.' *Saalim v. Walmart, Inc.*, 97 F.4th 995, 1002 (6th Cir. 2024) (quoting *Greenberg v. Life Ins. Co. of Virginia*, 177 F.3d 507, 514 (6th Cir. 1999).

### III. Analysis

#### A. Count II is barred.

In *Heck v. Humphrey*, 512 U.S. 477, 487 (1994), the Supreme Court established that a § 1983 plaintiff cannot proceed with claims that would implicitly invalidate his prior conviction or sentence unless "the conviction or sentence has been reversed . . . expunged . . . declared invalid . . . or called into question by a federal court's issuance of a writ of habeas corpus[.]" Further, "permitting a § 1983 action to proceed where success in that action would necessarily imply the invalidity of a criminal conviction 'would essentially permit a collateral attack on the conviction through the vehicle of a civil suit.'" *Richmond v. Mosley*, No. 20-11978, 2023 WL 3997947, at *3 (E.D. Mich. June 14, 2023) (citing *D'Ambrosio v. Marino*, 747 F.3d 378, 384 (6th Cir. 2014).

"For *Heck* to bar a § 1983 claim, success on the claim must *necessarily* imply the invalidity of the conviction. Thus, both the § 1983 claim and the conviction must arise out of

the same events." *Matheney v. City of Cookeville, Tenn.*, 461 F. App'x 427, 431 (6th Cir. 2012) (citing *Cummings v. City of Akron,* 418 F.3d 676, 682–83 (6th Cir. 2005).

In this case, the plaintiff alleges she was falsely arrested without probable cause. The constitutional right to "freedom from arrest in the absence of probable cause" is explicitly recognized in *Wesley v. Campbell*, 779 F.3d 421, 428 (6th Cir. 2015). But Ferreiras was convicted of assault, criminal mischief, resisting arrest, and obstructing an emergency responder and "the existence of probable cause for an arrest totally precludes any section 1983 claim for unlawful arrest, false imprisonment, or malicious prosecution." *Watson v. City of Marysville*, 518 F. App'x 390, 392 (6th Cir. 2013) (quoting *Mark v. Furay,* 769 F.2d 1266, 1269 (7th Cir. 1985). Consequently, she cannot maintain an action for false arrest following her jury conviction, which conclusively established probable cause.

Ferreiras counters that *Heck* requires that the Court look "'to the claims raised under § 1983 and to the specific offenses for which the § 1983 claimant was convicted.'" *Schreiber v. Moe*, 596 F.3d 323, 334 (6th Cir. 2010) (quoting *Swiecicki v. Delgado,* 463 F.3d 489, 493 (6th Cir. 2006). She contends that, because *Swiecicki* rests on Ohio criminal statutes, it has no bearing here. But that contention is incorrect. Other claims of constitutional violations under § 1983, such as excessive force, require closer examination regarding the state criminal statute to determine whether the specific claim would collaterally attack any specific convictions. *Swiecicki*, 463 F.3d at 494. A criminal conviction validates probable cause. And a § 1983 claim for false arrest necessarily repudiates probable cause. In any jurisdiction, a criminal conviction that required probable cause precludes a false arrest claim; therefore, it is irrelevant whether *Swiecicki* involved Ohio law.

The plaintiff's argument regarding state collateral estoppel also fails. The defendants moved for judgment based on *Heck* not *state* collateral estoppel. Thus, a collateral estoppel discussion is unwarranted. Ferreiras mistakenly cites the elements for collateral estoppel in Kentucky but *Heck* involves a completely separate inquiry. *Heck* requires analyzing the criminal statute at issue and comparing it to the specific elements of the § 1983 claim asserted. It is unrelated to state law defensive collateral estoppel; therefore, the plaintiff's estoppel arguments are moot. Count II is barred under the *Heck* doctrine.

The Court also concludes that a stay of this action would be inappropriate. The plaintiff requests a stay of Count II because she is appealing her criminal convictions. But appeals do not warrant a stay. "If the plaintiff's version of the facts implies the invalidity of the prior conviction, *Heck* means that the § 1983 claim is not 'cognizable' until the defendant overturns the conviction." *Chaney-Snell v. Young*, 98 F.4th 699, 710 (6th Cir. 2024) (citing *Heck*, 512 U.S. 477 at 483)). Ferreiras must overturn her conviction to overcome the *Heck* doctrine. She cites a case from this district that discusses a stay of § 1983 actions during the pendency of state criminal actions. *See Feltha v. City of Newport*, Civil Action No. 2: 20-128-WOB-CJS, 2017 WL 583142, at *5 (E.D. Ky. Feb. 13, 2017). *Feltha* mentions that a stay can be appropriate during criminal proceedings, but it made no reference to *appeals*, and it specifically refers to the period before a defendant is convicted. *Id.* The Court thus declines to issue a stay.

### B. Count IV States No Claim Under the Fifth or Fourteenth Amendment.

Ferreiras's Complaint raises claims sounding in false arrest, excessive force, and retaliation, which she "incorporates and realleges" in her Due Process claim. [Record No. 1, p. 22] The defendants argue that the Court should dismiss these claims to the extent that

- 5 -

Ferreiras seeks to assert them independently under the Fifth and Fourteenth Amendment, rather than under the First and Fourth Amendments. [Record No. 18, p. 6] Because Ferreiras's claims are governed by specific constitutional provisions, her Fourteenth Amendment claims will be dismissed.

"Where a particular Amendment 'provides an explicit textual source of constitutional protection' against a particular sort of government behavior, 'that Amendment not the more generalized notion of substantive due process, must be the guide for analyzing these claims.'" *Albright v. Oliver*, 510 U.S. 266, 273 (1994) (quoting *Graham v. Connor*, 490 U.S. 386, 395 (1989)). A plaintiff must pursue relief under the appropriate constitutional guarantee, just as a court must apply the appropriate legal standard. *Gregory v. City of Louisville*, 444 F.3d 725, 750 (6th Cir. 2006). And when applied to state (rather than federal) actors, Due Process claims fall under the Fourteenth Amendment. *See Malloy v. Hogan*, 378 U.S. 1 (1964). Accordingly, resolution of Ferreiras's claims depends on whether the Fifth Amendment, applied to state conduct through the Fourteenth Amendment, provides the appropriate constitutional protection.

Ferreiras reasserts a claim for false arrest under the Fourteenth Amendment to the United States Constitution. [Record No. 1, ¶ 99] However, when the gravamen of a complaint is for arrest or detention without probable cause, the claim cannot be pursued under the Fourteenth Amendment. *See Jackson v. Cty. of Washtenaw*, 310 F.App'x 6, 7–8 (6th Cir. 2009) (noting that the plaintiff's claim alleging detention without probable cause is not viable under the Fourteenth Amendment). Instead, such a claim must be evaluated under the Fourth Amendment. *Id.* at 7 (citing *Gregory*, 444 F.3d at 750). *See also Albright v. Oliver*, 510 U.S. 266, 275 (1994). Consequently, Ferreiras cannot recover under a Fourteenth Amendment

theory even accepting the Complaint's factual allegations as true. Her ability to do so is foreclosed by binding precedent. *See, e.g.*, *Gregory*, 444 F.3d at 748–50. Thus, Ferreiras's false arrest claim under the Fourteenth Amendment in Count IV will be dismissed.

Next, Ferreiras reasserts the excessive force claim under the Fourteenth Amendment. [Record No. 1, ¶ 99] The Sixth Circuit has established a bright-line rule for deciding whether Fourth or Fourteenth Amendment standards govern the use of force in a given context. *Aldini v. Johnson*, 609 F.3d 858, 864–67 (6th Cir. 2010). The Fourth Amendment's reasonableness standard governs from the time of arrest until the date of a probable cause hearing and not the Fourteenth Amendment's "shocks-the-conscience" standard. *Id.* When the facts suggest no excessive force outside the context of an arrest, Fourteenth Amendment claims are not facially plausible. *See also Est. of Booker v. Gomez,* 745 F.3d 405, 419 (10th Cir. 2014) ("[a]ny force used 'leading up to and including an arrest' may be actionable under the Fourth Amendment's prohibition against unreasonable seizures).

Here, the alleged excessive force occurred during the arrest, but not afterwards. [*See* Record No. 1, ¶ 28-35.] As a result, the plaintiff's Fourteenth Amendment claim fails because the excessive force alleged took place *during* her arrest. *Aldini*, 609 F.3d at 864–67; *see also Ashcroft*, 556 U.S. at 679 (quoting *Twombly*, 550 U.S. at 570). Thus, the claim will be dismissed to the extent that Ferreiras seeks to bring her excessive force claim under the Fourteenth Amendment.

Finally, Ferreiras asserts a freedom of speech retaliation claim under both the First and Fourteenth Amendments. [Record No. 1, ¶ 99] Within the Sixth Circuit, any claim for violation of a Fourteenth Amendment substantive due process right to free speech "'is duplicative of [a] First Amendment . . . claim.'" *Handy-Clay v. City of Memphis, Tenn.*, 695

F.3d 531, 547 (6th Cir. 2012) (quoting *Brandenburg v. Hous. Auth.*, 253 F.3d 891, 900 (6th Cir. 2001)). To the extent that a plaintiff alleges a Fourteenth Amendment claim related to her free speech claim, it is foreclosed by controlling precedent. *Id.* Based on the foregoing, the plaintiff's claim for relief under the Fourteenth Amendment is facially implausible. To the extent that she seeks to assert a Fourteenth Amendment-based free speech claim, the claim is barred. Ferreiras's substantive claims are already "covered by . . . specific constitutional provision[s]" thus those provisions govern her claims, not the "rubric of substantive due process." *United States v. Lanier*, 520 U.S. 259, 272 n.7 (1997). Accordingly, her Count IV Due Process claims will be dismissed.

### C. Count V Fails to State a Valid § 1985(3) Civil Conspiracy Claim.

To state a civil conspiracy claim under 42 U.S.C. § 1985(3), a plaintiff must establish: (1) a conspiracy (2) for the purposes of depriving a person of class of persons equal protection of the laws of the United States (3) evidenced by an act in furtherance of the conspiracy whereby (4) they are injured or deprived of any right or privilege of a United States citizen. *Griffin v. Breckenridge*, 403 U.S. 88, 102–03 (1971). Additionally, such a claim must be motivated by a class-based animus and must be "pled with some degree of specificity and that vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim under § 1983." *See Ohio ex rel. Moore v. Brahma Inv. Grp., Inc.*, 723 F. App'x 284, 288 (6th Cir. 2018) (citing *Bartell v. Lohiser*, 215 F.3d 550, 559 (6th Cir. 2000); *see also Fieger v. Cox*, 524 F.3d 770, 776 (6th Cir. 2008) (quoting *Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987)). The plaintiff's § 1985(3) claim fails because it does not allege the defendants' actions were motivated by a class-based animus, and it fails to plead requisite facts with sufficient specificity.

The Complaint contains allegations that the defendants "directly or indirectly combined, conspired, and coordinated by force, intimidation, or threat to deprive Ms. Ferreiras of her rights arising under the United States Constitution . . . and the laws of the United States in violation of 42 U.S.C. § 1985(3)." [Record No. 1, ¶ 104] This boilerplate language does not discuss how, why, or specifically whether the defendants conspired, and is "vague and conclusory[.]" *Fieger*, 524 F.3d at 776. The plaintiff does not address either how a conspiracy was formed among the defendant officers, or how they conspired to deprive her of a right.

Further, the bare, conclusory allegations of the Complaint do not allege that Ferreiras was targeted due to a class-based animus. A total of three short paragraphs are dedicated to the § 1985(3) claim [*id.* at ¶ 103-105] and none contend that the defendant officers were motivated by an animus or even allege that Ferreiras is a member of a protected class. She argues in her response that her claim is not barred solely because it does not allege racial animus, but this contention misconstrues § 1985(3). Racial animus is not required to state a claim under the statute, but some variant of class-based animus is necessary. *See Ohio*, 723 F. App'x at 288. Accordingly, the plaintiff has failed to state a valid § 1985(3) claim and Count V will be dismissed.

### IV. Conclusion

Based on the foregoing analysis and discussion, it is hereby **ORDERED** as follows:

1. The defendants' Motion for Partial Judgment on the Pleadings [Record No. 18] is **GRANTED**.

2. Counts II, IV and V of Plaintiff Ferreiras's Complaint are **DISMISSED**, with prejudice.

Dated: December 3, 2024.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky