UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
(at Covington)

| | | |
|---|---|---|
| ASHLEY FERREIRAS, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 2: 24-074-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| CITY OF COVINGTON, et al., | ) | **MEMORANDUM ORDER** |
| | ) | |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff Ashley Ferreiras has filed objections [Record No. 68] to United States Magistrate Judge Candace J. Smith's discovery ruling regarding a recent use-of-force incident involving Covington Police on the John A. Roebling Suspension Bridge. [Record No. 62] However, the undersigned concludes that Magistrate Judge Smith did not err in sustaining Defendant City of Covington's objections to the requested discovery. Her holding will be affirmed.

**I.**

The Court previously summarized the pertinent factual allegations in its December 3, 2024, Memorandum Opinion and Order. [Record No. 24]  Essentially, Ferreiras asserts multiple claims against individual defendants and Defendant City of Covington ("Covington") after officers allegedly subjected her to physical force the evening of May 4, 2023. Counts II, IV, and V of the Complaint were dismissed, but, as relevant here, Ferreiras' *Monell* claim against Covington remains intact.

-1-

At the outset of the case, the Court issued a Scheduling Order requiring the parties to complete discovery on or before June 6, 2025. [Record No. 16, ¶ 4] The parties later requested deadline extensions stemming from Ferreiras' incarceration and related difficulties collecting her information. And on May 19, 2025, the Court modified the Scheduling Order and extended the parties' discovery deadline through July 30, 2025. [Record No. 40, ¶ 2] However, on July 29, the day before discovery was scheduled to close, the parties moved for another extension, which was granted solely to allow the parties to complete expert depositions and the City's Rule 30(b)(6) deposition. [Record Nos. 54 and 55]

Attempting to contain the rapidly worsening radioactive fallout from all the extensions, the Court denied Ferreiras' motion to amend the Complaint the next day because she had not presented good cause to raise a panoply of new claims months after the deadline outlined in the Scheduling Order. [Record No. 57] But undeterred, the parties asked for another extension, which was only granted because the defendant's expert witness was seriously injured. [Record Nos. 66 and 67] Against this backdrop, the present discovery dispute arose.

On July 17, 2025, 15 individuals were arrested after an alleged altercation on the John A. Roebling Suspension Bridge in Covington, Kentucky ("the bridge incident"). [Record No. 54, p. 2] On July 21, 2025, Ferreiras requested discovery from the defendants relating to the bridge incident on the purported basis that the "actions of police officers in its employ on July 17, 2025, during their engagement with, arrest, handling, and transportation of the persons arrested on or around the Roebling Suspension Bridge" were relevant to her *Monell* claim. [*See* Record No. 63, p. 36; *see also* Record No. 68, p. 6.] The defendants objected to this request, and the matter was scheduled for a telephonic conference with Magistrate Judge Smith. [Record No. 58]

Magistrate Judge Smith sustained Covington's objections to the introduction of evidence related to the bridge incident on two grounds. She first noted that, "concerning timing generally, a line must be drawn regarding other 'similar' incidents so that discovery can be drawn to a close." [Record No. 62, p. 2] She also briefly mentioned the "lesser concern of burdensomeness for the City to be required to compile information." [*Id.*] The undersigned need only affirm the discovery ruling on the first ground.

## II.

Rule 72 of the Federal Rules of Civil Procedure provides, in relevant part, that "[w]hen a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision." Fed. R. Civ. P. 72(a). If a party objects to that decision within 14 days, "[t]he district judge in the case must … modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Id.* "Under this standard, the magistrate judge's determination may be overturned by the district court only if it is 'clearly erroneous or contrary to law.'" *Massey v. City of Ferndale*, 7 F.3d 506, 509 (6th Cir. 1993) (citing 28 U.S.C. § 636(b)(1)(A)). Here, Magistrate Judge Smith's Order was neither clearly erroneous, nor contrary to law.

## III.

Ferreiras exclusively concentrates her objections on the bridge incident's relevance to her *Monell* claims. But in doing so, she overlooks Magistrate Smith's primary motivation for sustaining Covington's objections to the requested information—maintaining efficiency and ensuring discovery eventually ends.

District courts are afforded broad discretion to manage discovery. *Craig-Wood v. Time Warner N.Y. Cable LLC*, 549 F. App'x 505, 507 (6th Cir. 2014). In this case, discovery has dragged on far longer than anticipated. And it was only extended in light of two extenuating circumstances. First, it was difficult for the parties to adequately collect information from Ferreiras while she was incarcerated, and during the period thereafter. Second, Covington encountered obstacles designating its Rule 30(b)(6) witnesses, and issues arose with its expert witness. But allowing Ferreiras to solicit the information regarding the bridge incident at this point, and accounting for the time the parties would need to depose and document the witnesses, and their testimony, would effectively extend discovery long beyond its (already-too-flexible) deadline.

The Court acknowledges that Ferreiras lacked control over the timing of the bridge incident. Thus, she requested the information nearly as soon as possible. But discovery was scheduled to conclude ten days after Ferreiras' letter to the defendants, and fourteen days from the July 17, 2025, bridge incident itself. Further, discovery was originally *supposed* to conclude on June 5, 2025. If the Court continued allowing the parties to introduce new information, trial would never happen. At some point, deadlines must be enforced. *See generally ARC Res. Mgmt., Inc. v. Civ., LLC*, Civil Action No. 20-27-DLB-EBA, 2024 WL 4445693, at *1 (E.D. Ky. Oct. 8, 2024) (explaining that subpoena requests close to the discovery deadline can be untimely, because responses would erode deadlines). Finally, Ferreiras' objections also fail to challenge any timeline-related considerations in Magistrate Judge Smith's holding.

**IV.**

Based on the foregoing, it is hereby **ORDERED** that Plaintiff Ashley Ferreiras' objections [Record No. 68] to Magistrate Judge Candace Smith's Order [Record No. 62] are **OVERRULED**.

Dated: August 26, 2025.

Danny C. Reeves, District Judge
United States District Court
Eastern District of Kentucky