UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
(at Covington)

| | | |
|---|---|---|
| ASHLEY FERREIRAS, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 2: 24-074-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| CITY OF COVINGTON, et al., | ) | **MEMORANDUM ORDER** |
| | ) | |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff Ashley Ferreiras has moved for leave to file a sur-reply to defendants' reply memorandum in support of their motion for summary judgment. [Record No. 99] Alternatively, Ferreiras asks the Court to "disregard contradictory testimony and evidence supplied by Defendants and assign her the benefit of the same as the part entitled to the benefit of facts being construed in her favor on summary judgment." [Record No 99-1]

The Federal Rules of Civil Procedure do not generally allow for parties to file sur-replies. However, sur-replies "may be allowed in the appropriate circumstances, especially '[w]hen new submissions and/or arguments are included in a reply brief, and a nonmovant's ability to respond to the new evidence has been vitiated.'" *Key v. Shelby County*, 551 F. App'x 262, 265 (6th Cir. 2014) (citing *Seay v. Tenn. Valley Auth.*, 339 F.3d 454, 481 (6th Cir. 2003)). Ferreiras argues that a sur-reply is warranted because, for the first time in their reply, defendants "make two startling factual admissions for the first time with respect to their two most important defenses to liability and in favor of qualified immunity." First, Ferreiras assert that the defendants acknowledge for the first time that she was not actively resistant, if at all,

-1-

before Officer Douglas Ullrich initiated the arrest. Second, she contends that defendants have abandoned both Ullrich's deposition testimony and their original argument that Ferreiras' act of biting him justified his decision to punch her. Instead, Ferreiras contends that defendants now assert that the punch was used to regain control over the situation, which, according to Ferreiras, should "invite far more scrutiny into the appropriateness of his use of force against her because he acted with intent and purpose."

Having reviewed the briefing, the Court find that a sur-reply is not warranted. While defendants may have rephrased their account of the facts in their reply brief, they did not raise new legal grounds for summary judgment or submit new evidence that would impair Ferreiras' ability to effectively respond to the defendants' motion for summary judgment. Moreover, at the summary judgment stage, the Court views all facts and draw all reasonable inferences in the light most favorable to the nonmoving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587–88 (1986). As such, Ferreiras' alternative request is unnecessary.

Accordingly, it is hereby

**ORDERED** that Plaintiff Ashley Ferreiras' Motion for Leave to File a Surreply [Record No. 99] is **DENIED**.

Dated: October 14, 2025.

Danny C. Reeves, District Judge
United States District Court
Eastern District of Kentucky